**\*E-FILED 8/23/05\***

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL S. PENDRY,<br><br>    Plaintiff,<br>v.<br><br>JO ANNE B. BARNHART,<br><br>    Defendant. | NO. 5:04-cv-1884 RS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

## I. INTRODUCTION

Plaintiff Carol Pendry ("Pendry") moves for an award of attorney's fees and costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), based on the Court's remand of her case to the Administrative Law Judge ("ALJ") for further findings. Defendant Jo Anne Barnhart, the Commissioner of Social Security ("Commissioner"), argues that fees should not be awarded in this instance because the government's position was substantially justified. In the alternative, the Commissioner requests that Pendry's fee request be reduced commensurate with the relief she obtained. The motion was fully briefed and submitted on the papers pursuant to Civil L.R. 16-5. Based on all papers filed to date, as well as on the administrative record, Pendry's motion for an award of attorney's fees is granted for the reasons set forth below.

## II. BACKGROUND

Pendry filed a claim for disability benefits on July 24, 2002, claiming that she was disabled as of February 15, 2001 due to arthritis and difficulty using her right wrist following fusion surgery. See Administrative Transcript ("AT") at p. 11. Pendry's initial claim for benefits was denied, as was her request for reconsideration. Id. Following a hearing, the ALJ concluded that Pendry is capable of performing work as a security receptionist, a surveillance system monitor, or as an usher and that, therefore, she is not disabled, as defined in the Social Security Act. Id. at pp. 14-15.

On appeal to this Court, Pendry argued that the ALJ's findings were erroneous because: (1) she could not perform work as a security receptionist/gate guard since that job is "semi-skilled" and she can perform only unskilled labor and (2) the ALJ failed to ask the vocational expert to consider the implications noted by the state's psychologist regarding Pendry's mental ability to endure a full-time work week. The Court agreed with Pendry on these points and concluded that the occupation of gate guard is a semi-skilled position and, therefore, should not have been considered as an appropriate alternative job for Pendry based on both the testimony of the vocational expert and the findings made by the ALJ. In addition, the Court found that the record failed to reflect that the ALJ had considered the psychological evaluation completed by the state's psychologist, Dr. Sanchez, who noted that he was "unable to determine if [Pendry] is able to tolerate the stress of an 8-hour day, 40-hour workweek on a consistent basis." See AT at p. 151. Therefore, the case was remanded to permit the ALJ to address the psychological assessment with respect to whether Pendry is able to perform the alternative occupations of either surveillance system monitor or usher. Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

As a result of the remand, Pendry argues that she is the prevailing party and is, therefore, entitled to an award of attorney's fees and costs under the EAJA. The Commissioner responds that, since her position was substantially justified, no fees should be awarded to Pendry. In the alternative, should the Court conclude that an award is appropriate, the Commissioner requests that the fees be reduced to reflect the fact that Pendry prevailed only on one issue that affected the outcome of the case.

## III. STANDARDS

28 U.S.C. § 2412 (d)(1)(A) provides in relevant part that a court shall award to a prevailing party

other than the United States fees and costs incurred in a civil action brought against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Supreme Court has noted that a "prevailing party" for purposes of EAJA fees is one who has succeeded on any significant issue in litigation which achieved some of the benefit the party sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 & n. 7 (1983).

In assessing whether the government's position was "substantially justified," the Ninth Circuit has characterized that statutory term as describing a position grounded on a reasonable basis both in law and in fact. Timms v. United States, 742 F.2d 489, 492 (9th Cir. 1984); Wolverton v. Heckler, 726 F.2d 580, 583 (9th Cir. 1984). The government bears the burden of proving its position was substantially justified. Timms, 742 F.2d at 492 (citations omitted). It may fulfill that burden by showing that its position advanced "a novel but credible extension or interpretation of the law." Hoang Ha v. Schweiker, 707 F.2d 1104, 1106 (9th Cir. 1983). The fact that the government lost the case on the merits does not create a presumption that its position was not substantially justified. Timms, 742 F.2d at 492 (citations omitted). Moreover, plaintiffs who are otherwise entitled to fees under the EAJA may also recover the fees spent in litigating their request for fees, regardless of whether the government's position with respect to the fee request was substantially justified. Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990); Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986).

## IV. DISCUSSION

In determining Pendry's motion for an award of fees and costs, the Court must ascertain whether the position of the United States was substantially justified.[1] The government's position in this case was that the findings made by the ALJ were supported by substantial evidence in the record and, therefore, should be upheld. The record is clear, however, that contrary to the ALJ's findings, Pendry is not capable of performing work as a gate guard because that job is semi-skilled and, due to her physical limitations, Pendry can only perform unskilled labor. The Commissioner notes, nonetheless, that even if that portion of the ALJ's findings was erroneous, it was not determinative since the ALJ also concluded that Pendry could

---

[1] The government does not contest that Pendry is the prevailing party here, nor does it argue that special circumstances exist which would make an award of fees unjust.

perform two alternative occupations. Indeed, the Commissioner points out that the case was not remanded on the finding that Pendry is unable to work as a gate guard. Rather, the case was remanded to permit the ALJ to address the sole issue of the relationship between the psychological assessment by the state and Pendry's mental ability to engage in substantial gainful activity. On that point, the Commissioner argues that her position was substantially justified.

As to the adequacy of the ALJ's consideration of the psychological evaluation on the issue of stress, the Commissioner contends that it was reasonable to view the psychologist's statement solely as a passing comment on his inability to form an opinion as to Pendry's work related mental capabilities. Neither the Commissioner nor the ALJ construed the statement as a conclusion that Pendry could not perform full-time work as either a surveillance system monitor or an usher, a position that the government asserts is substantially justified. Moreover, the Commissioner notes that Pendry raised the psychological evaluation issue only in a footnote in her brief and did not devote any substantial time or argument to the point.

The Ninth Circuit has made clear that in meeting her burden of showing the claimant's ability to work, the Commissioner must consider all of the claimant's functional limitations, both physical and mental, in relying on a vocational expert's testimony. See e.g., Cooper v. Sullivan, 880 F.2d 1152, 1158, n. 13 (9th Cir. 1989) (ALJ must consider all physical and mental limits posed by claimant); Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988) (same). The record presented to the Court reflected that neither the vocational expert nor the ALJ had considered Pendry's mental capabilities in determining that she was able to perform substantial gainful activity. In light of that record, the Commissioner's decision to oppose Pendry's motion to remand due to the ALJ's failure to consider Pendry's mental limitations was not substantially justified. Accordingly, Pendry is entitled to an award of attorney's fees and costs, pursuant to the EAJA.

Although the Commissioner requests that any award of fees be reduced on the basis that Pendry succeeded with respect to only one of her arguments, as Pendry notes, she obtained the relief she requested. The fact that the case was remanded to enable the ALJ to determine only one issue, as opposed to several, does not change the outcome of the case at this stage of the proceedings. Accordingly, a reduction in fees is not warranted. Moreover, the Court finds that the fee request presented is reasonable

and, therefore, declines to reduce the award.

## V.  CONCLUSION

For the reasons stated, Pendry's request for an award of fees and costs is granted.  Pendry is entitled to an award of attorney's fees in the amount of $5,960.57, as well as reimbursement in the amount of $157.40 for reasonable costs incurred.

IT IS SO ORDERED.

Dated: 8/23/05                                              /s/ Richard Seeborg
                                                            RICHARD SEEBORG
                                                            United States Magistrate Judge

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN ELECTRONICALLY DELIVERED TO:**

Harvey Peter Sackett     hps@hpspc.com, lucyc@sackettlaw.com;julie@sackettlaw.com;noelle@sackettlaw.com

Sara Winslow     sara.winslow2@usdoj.gov, kathy.terry@usdoj.gov;claire.muller@usdoj.gov

**Dated: 8/23/05**                                                      **Chambers of Judge Richard Seeborg**

                                                                              **By:      /s/ BAK**